# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARITA FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | Case No. 13 C 6786 |
| GARRETT EVANGELICAL- ) | |
| THEOLOGICAL SEMINARY, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Charita Ford has filed a discrimination suit against Defendants Garrett Evangelical-Theological Seminary ("Garrett") and two Garrett administrators, President Phillip Amerson and former Dean and President-Elect Lallene Rector. Ford alleges that she was discriminated against and denied the benefits of a federally funded educational program on the basis of her race, sex, and age, in violation of Title VI, 42 U.S.C. §§ 2000d *et seq.*, Title IX, 20 U.S.C. §§ 1681 *et seq.*, and the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101 *et seq.* She also alleges that her financial aid benefits and living expenses have been withheld, in violation of Title IV of the Higher Education Act, 20 U.S.C. §§ 1070 *et seq.* Finally, she alleges violations of her constitutional right to due process. Ford has also filed a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Having screened the complaint, the court concludes, for the reasons explained below, that

Ford's claims pursuant to the Higher Education Act and the Age Discrimination Act, as well as her claims against the individual defendants pursuant to Title VI and Title IX, must be dismissed pursuant to § 1915(e)(2)(B). The dismissal is without prejudice as to the Age Discrimination Act claim, which is dismissed because Ford has not exhausted her administrative remedies, as explained below. To the extent that Ford asserts a due-process claim, that claim is also dismissed. Ford's motion for a preliminary injunction is denied without prejudice because she has not provided Garrett with notice of the motion.

## I. FACTS

According to the complaint, Ford is an African-American female graduate student who is fifty-seven years old. She was enrolled as a Master of Theology student at Garrett. She was dismissed from the program in September 2013, which has also resulted in the termination of her housing, which was provided by the school, and the loss of her federal financial aid package.

The court has carefully reviewed Ford's complaint in its entirety—the 89 pages filed on September 20, 2013 (ECF No. 6), and the additional 10 pages filed on September 25, 2013 (ECF No. 7). Ford includes as part of her complaint numerous emails between herself and Garrett administrators which discuss the events leading up to her dismissal, and she refers frequently to the emails as support for her discrimination claim. For the purposes of screening the complaint, the court considers the emails reproduced in the complaint to be accurate representations of the parties' communications to each other with respect to the events in question.

From the 99 pages filed by Ford, the court has gleaned the following facts. Garrett's Spring 2013 semester began on February 4, 2013. During the Spring semester, Ford took a theology seminar taught by Dr. Timothy Eberhart. Most of her fellow students were white men, and she was the oldest student in the class. Ford felt excluded from the class discussion and

believed that her participation was cut off by the instructor, and she had a virulent disagreement in conversation with some of the other students, who supported Republican political consultant Karl Rove, during a class break. She also objected to the use of profanity by the instructor and other students in the class. In mid-March, Ford complained to Dean Lallene Rector about the use of profanity. Dean Rector said she would talk with Dr. Eberhart about the issue.

On April 8, 2013, Dean Rector emailed Ford, saying that she had received reports of "difficult dynamics" in the class and that she would like to meet with Ford, Ford's advisor, and Dean Cynthia Wilson to discuss the situation. She said it was "possible that we will also want to include Dr. Eberhart at some point in our meeting." Ford responded on April 9, 2013, stating that she was concerned that others would be involved in the meeting and that it "rings of an injustice." She suggested that there had been a breach of confidentiality with respect to the concerns she had expressed about the seminar. Dean Rector responded that Ford's concerns had been kept confidential and that it was not necessary to include anyone else in the meeting.

Dr. Eberhart did not return a mid-term paper to Ford on April 9, 2013, when he returned papers to the other students in the seminar. He told Ford by email that he was waiting to proceed with the paper until Ford had met with Deans Rector and Wilson. Ford responded that the requested meeting and the "fabricated charge" about "group dynamics" had nothing to do with her class work and asked him to return the paper. The paper was returned the following day, on April 10, 2013, with a grade of B+.

Ford emailed Dean Rector expressing concerns about the delayed return of her paper and about her grades not being posted online in a timely manner in a different course. Dean Rector responded, stating that there had been a misunderstanding on Dr. Eberhart's part about the paper's relevance to the requested meeting. Dean Rector repeated her request to meet with Ford

3

to discuss Dr. Eberhart's class. Ford never met with Dean Rector to discuss the "group dynamics" in the class, however.

On June 1, 2013, Ford wrote several emails to Dr. Eberhart. She indicated that she disagreed with his comments on her final paper, that she felt her voice in his class "was primarily silenced," that she objected to the profanity used in class and the focus on the views of "Generation Xers," that she had been subjected to a "baiting attack during a class break," and that she felt she had been "marginalized" as an African American female scholar. Dr. Eberhart responded in a lengthy email on June 3, 2013, with an explanation of why he had assigned her a B+ on her final paper, and why she did not receive the grade she felt she deserved for her class participation. He explained that he had forwarded certain correspondence between himself and Ford to Dean Rector and invited the dean's involvement because he was concerned about the classroom dynamics during the seminar, and he noted that Ford had not followed up with the meeting requested by Dean Rector. Dr. Eberhart proposed another conversation between Ford, the dean, and other faculty members of Ford's choice to discuss her concern about the marginalization of African American scholarship. He also offered to allow another faculty member to read and evaluate Ford's final paper.

Referring to these emails, Ford alleges that Dean Rector and Dr. Eberhart "conspired to slander and discredit" her, that the delayed return of her midterm paper was "retaliatory/discriminatory," and that Dean Rector and Dr. Eberhart discriminated against her and attempted to "entrap" her by "bringing charges of 'group dynamics,'" when white students in the class were not subjected to similar accusations.

In August 2013, Ford attempted to cross-register for theology courses offered at other schools, but discovered that a hold had been placed on her registration. She was also de-

registered from some of her courses. Between August 20 and 22, 2013, she was informed through emails that Dean Stephen Ray wanted to meet with her before she would be allowed to register for additional courses. Dean Ray explained that the meeting had nothing to do with the comments she had earlier made to Dean Rector about Dr. Eberhart's class, but instead regarded reports of inappropriate behavior by Ford toward seminary staff. Dean Ray asked for Ford's availability to meet.

On August 27, 2013, Ford wrote to Dr. Philip Amerson, President of Garrett, stating that she believed she was being retaliated against and that she would not meet with anyone to prove her innocence against accusations and rumors. Dr. Amerson responded on August 27, 2013, stating that Ford's enrollment in Fall 2013 classes would be denied until she met with Dean Ray about his concerns. Dean Ray also wrote to her on August 27, 2013, stating that if Ford did not attend a meeting with the deans, he would need to convene a "Special Needs Process."

Ford responded by stating that she did not believe she was receiving due process as to the accusations against her, and that the hold on her registration was retaliatory. Ford filed a complaint with the U.S. Department of Education, Office for Civil Rights on August 28, 2013.

On August 30, 2013, Dean Ray sent Ford an email stating that he had received reports from different administrative offices describing belligerent and aggressive behavior directed toward seminary staff. Because Ford had refused to meet with the deans and her advisor, Dean Ray indicated that the school would have to begin the Special Needs Process. A meeting was scheduled for September 5, 2013, during which the Special Needs committee was to deliberate and offer a resolution. Ford did not attend the meeting. She received an email on September 9, 2013, stating that the Special Needs committee had met in her absence to review the complaints by seminary staff. The committee had recommended Ford's dismissal. The email informed Ford

5

that she had a right to appeal the decision. The email included sections of Garrett's academic handbook stating that an appeal of the committee's decision could be made in writing to the president, and that the president's decision could be appealed to the Board of Trustees.

Ford brought a lawsuit, pro se, against Garrett on September 20, 2013. Ford's motion for leave to proceed in forma pauperis was granted on September 25, 2013. The case was initially assigned to Judge Nordberg and was reassigned to this judge on September 26, 2013. The defendants have not yet been served. Ford filed a motion for a preliminary injunction pursuant to Federal Rule of Procedure 65 on September 27, 2013.

In her complaint and motion for a preliminary injunction, Ford claims that the defendants used grades and discipline in a discriminatory and retaliatory manner, in violation of Title VI, Title IX, and the Age Discrimination Act. She also claims that the Special Needs committee singled her out because of her race, discriminated against her because of her age and sex, and failed to provide her with constitutional due process. She claims that her enrollment was terminated because of her age, sex, and race, and that she was stereotyped as belligerent and aggressive when younger white male students were not so stereotyped. In addition, she claims that Garrett used financial aid and eviction from student housing to harass her, in violation of Title IV of the Higher Education Act.

As a remedy for these violations, Ford asks the court to require Garrett to reinstate her in several courses during the Fall semester of 2013, to be paid for from her federal financial student aid, to return her financial student aid award, to release her academic records so that she can transfer to another seminary, to not deregister her from the Association of Chicago Theological Seminaries, and to provide her with housing until she is able to secure new student housing at another seminary.

## II. STANDARD OF REVIEW

For purposes of screening the complaint, the court evaluates whether it satisfies the requirements of Federal Rule of Civil Procedure 8(a) and whether it could survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." When deciding a Rule 12(b)(6) motion, the court accepts the factual allegations contained in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Id*. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). The court disregards conclusory allegations that merely recite the elements of a claim. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Furthermore, a plaintiff may plead herself out of court if she pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011). Because Ford is proceeding pro se, the court construes her filings liberally. It is the "well established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987).

## III. ANALYSIS

### A. Motion for a Preliminary Injunction

Rule 65(a)(1) provides that a preliminary injunction may issue "only on notice to the adverse party." In other words, the court cannot issue a preliminary injunction without notice to the opposing party, to allow it a "fair opportunity to oppose" the injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 432 n.7 (1974). Insofar as Ford seeks an injunction requiring Garrett to immediately reinstate her in

7

theology courses, the court cannot grant the relief sought without violating the notice requirements of Rule 65(a). The motion is therefore denied without prejudice.

**B. Title IV of the Higher Education Act**

Ford alleges a claim pursuant to Title IV of the Higher Education Act, but the Act does not provide a private right of action. *See Hiwassee Coll., Inc. v. S. Assoc. of Colls. and Sch.*, 531 F.3d 1333, 1335 & n.2 (11th Cir. 2008); *Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996); *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992). The Title IV claim is therefore dismissed.

**C. Age Discrimination Act**

The Age Discrimination Act prohibits age discrimination in any program receiving federal financial assistance. 42 U.S.C. § 6102. A plaintiff may not bring a claim under the Act that was not first presented to the federal agency funding the program. Administrative remedies are "deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint . . . , or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first." 42 U.S.C. § 6104(f). Although failure to exhaust is an affirmative defense, if the complaint alleges facts sufficient to establish that an affirmative defense applies to the claim, the court may dismiss the complaint on that basis. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Given the timing of the events in question, it is obvious from the face of the complaint that Ford has not exhausted her administrative remedies, as required by the Act. The claim is dismissed without prejudice.

**D. Title VI and Title IX**

Title VI provides that "[n]o person in the United States shall on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to

discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. Similarly, Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681. An individual may sue for either injunctive relief or damages under Title VI or Title IX. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009) (Title IX); *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001) (Title VI). The proper defendant in a Title VI or Title IX case is the educational entity, not an individual administrator. *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1018-19 (7th Cir. 1997). The court therefore dismisses the Title VI and Title IX claims against Amerson and Rector. Ford may proceed with her Title VI and Title IX claims against Garrett.

**E. Due Process**

Finally, Ford has referred in her complaint to the denial of her right to due process. The court construes this as a claim that her right to procedural due process was violated by her dismissal from the Masters of Theology program. Assuming that Ford intended to assert a due-process claim, there are a number of problems with the claim. The constitution does not generally guarantee a graduate student the right to continue her graduate education. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009). More importantly, Garrett is a private not-for-profit institution and is not a state or federal actor. Constitutional protections of individual rights and liberties apply only to actions by government actors. *Gu v. Provena St. Joseph Med. Ctr.*, No. 11 C 5655, 2012 WL 699535, at *1-2 (N.D. Ill. Feb. 29, 2012); *see also Edmonson v. Lessville Concrete Co.*, 500 U.S. 614, 619 (1991); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 239 (D.D.C. 2007) (noting that receipt of federal funds did not convert a private

educational institution to a state actor).  The court cannot see how Ford can state a due-process claim against Garrett.

## IV. CONCLUSION

Ford's motion for a preliminary injunction is denied without prejudice, because Ford has not provided Garrett with notice of the motion, as required by Rule 65(a).  Her claims pursuant to Title IV of the Higher Education Act and the Age Discrimination Act, her claims against the individual defendants, and her due-process claim are dismissed pursuant to § 1915(e)(2)(B).  The dismissal is without prejudice as to the Age Discrimination Act claim, as Ford can bring such a claim should she exhaust her administrative remedies, as required by the Act.  Ford may proceed on her Title VI and Title IX claims against Garrett.

ENTER:

DATED:   October 10, 2013                       /s/
                                                  JOAN B. GOTTSCHALL
                                                  United States District Judge